IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

KEVIN PHELPS, K78191,

    Plaintiff,

vs.

SALVADOR GODINEZ, STEVE
DUNCAN, ASSISTANT WARDEN
MOORE, ASSISTANT WARDEN
TREDWAY and JOHN DOES,

    Defendants.

Case No. 15-cv-0073-SMY-PMF

**MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order (Doc. 22), on which a hearing was held by Magistrate Judge Philip Frazier on May 11, 2015. Judge Frazier subsequently issued a Report and Recommendation ("Report," Doc. 24) recommending that a preliminary injunction be granted as to Plaintiff's daily shower access and denied in all other respects. Defendants Stolworthy, Duncan and Moore filed an Objection to the Report (Doc. 39), pointing to the dismissal of Count 5 regarding shower access in this Court's Merit Review at Doc. 7.

The Supreme Court has described modern prison administration as an "inordinately difficult undertaking," *Thornburgh v. Abbott*, 490 U.S. 401, 407 (1989), and has repeatedly cautioned that prison officials have "broad administrative and discretionary authority over the institutions they manage," *Westefer v. Neal*, 682 F.3d 679, 683 (7th Cir. 2012) (quoting *Hewitt v. Helms*, 459 U.S. 460, 467 (1983)). Nevertheless, federal courts

are under a duty to enforce the federal rights of prisoners. *Brown v. Plata*, 131 S.Ct. 1910, 1928–29 (2011).

A court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. The Court has discretion to conduct a new hearing and may consider the record before the magistrate judge anew or receive any further evidence deemed necessary. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

Here, Defendants object only to the portion of the Report that recommends granting a preliminary injunction for enforcement of Plaintiff's medical permit allowing daily shower access. In particular, Defendants object on the basis that (1) Count 5 regarding shower access was dismissed during threshold review of Plaintiff's Complaint and (2) the "least intrusive means" requirement of 18 U.S.C § 3626(a)(2) would be best met by allowing the existing medical permit to continue. This *de novo* review is therefore limited to these two issues.

Upon threshold review, this Court divided Plaintiff's Complaint into five counts, the fifth of which contained Plaintiff's specific allegations regarding the denial of shower access. This Court dismissed Count 5 for failure to state a claim due to no specific defendants being named in connection with the shower denials, as well as the claim being factually and legally distinct from the claims in Counts 1-4. (Doc. 7, p. 10.)

Plaintiff filed his Motion for Preliminary Injunction to enforce his existing medical permit which allows daily showers. Plaintiff is disabled, bound to a wheelchair and cannot control his bowel and bladder functions. Without a daily shower, he is forced to sit in his feces and urine. When he is soiled, he does not go to meals and is thus deprived of sustenance. This is the cascading effect of a disabled person being deprived of a medical program (a daily shower permit) designed for ADA/RA compliance and not subject to the discretion of the correctional officers. As such, the injunctive relief falls squarely within Count 4 of Plaintiff's Complaint and will not be denied on this basis.

As to the second basis for Defendants' objection, the Prison Litigation Reform Act ("PRLA") requires that preliminary injunctive relief "extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C § 3626(a)(2). Defendants argue that the least intrusive means would be to allow the medical permit to continue and not apply an additional injunction.

Testimony at the May 11, 2015 hearing before Judge Frazier revealed not only that Plaintiff is denied daily shower access as mandated by his medical permit, but also that correctional officers currently face no consequences for violating Plaintiff's right to reasonable accommodation under Federal law. Therefore, a preliminary injunction does not extend beyond what is apparently necessary to correct the harm. While the Court appreciates Defendants' efforts to ensure compliance by way of clarifying Plaintiff's permit to Lawrence staff, a preliminary injunction extends no further than mandating what is already required in the permit, and is therefore no more intrusive than the permit itself.

For these reasons, the Court ADOPTS the Report at Doc. 34 in its entirety and GRANTS Plaintiff's Motion for Preliminary Injunction at Doc. 22. Accordingly, the Court enters an injunction against Defendants Stolworthy, Duncan and Moore, in their official capacities, as follows:

> EFFECTIVE IMMEDIATELY, DEFENDANT STOLWORTHY, DEFENDANT DUNCAN AND DEFENDANT MOORE SHALL ENSURE PLAINTIFF KEVIN PHELPS, #K78191, BE PROVIDED SHOWER ACCESS DAILY PURSUANT TO PLAINTIFF'S MEDICAL PERMIT EXCEPT IN THE EVENT OF AN EMERGENCY, WHERE SHOWER ACCESS SHALL BE PROVIDED AS SOON AS PRACTICABLE.

This injunction will expire in 90 days according to 18 U.S.C § 3626 unless the Court determines an extension is necessary.

**IT IS SO ORDERED.**

**DATE:  June 4, 2015**                                     s/  Staci M. Yandle
                                                                                    **STACI M. YANDLE**
                                                                                    **DISTRICT JUDGE**