IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **KEVIN PHELPS, K78191,** )  | |
| ) | |
|     **Plaintiff,** ) | |
| ) | |
|     v. ) | Case No. 3:15-cv-00073-SMY-PMF |
| ) | |
| **SALVADOR GODINEZ,** *et al.***,** ) | |
| ) | |
|     **Defendants.** ) | |

## REPORT AND RECOMMENDATIONS

**FRAZIER, Magistrate Judge:**

Before the Court is plaintiff Kevin Phelps' second motion for a preliminary injunction. (Doc. 43). Phelps initially filed this lawsuit on January 23, 2015 (Doc 1). He filed his first motion for a preliminary injunction on April 27, 2015 (Doc. 22). In the motion he requested that the defendants be subject to criminal prosecution, that he be permitted daily shower access and that he receive a transfer to a different prison. A report and recommendation was issued on May 19, 2015 (Doc. 34) recommending that Phelps' motion be granted in regards to the daily shower access issue but denied in all other respects. Judge Yandle adopted the report and recommendation and issued the preliminary injunction order on June 4, 2015 (Doc. 40). Phelps filed a second motion for a preliminary injunction (Doc. 43) on June 22, 2015. In his second motion Phelps requests that various Illinois Department of Corrections employees be subject to criminal prosecution, that he be placed in protective custody and that he receive a prison transfer. Phelps would also like to subpoena several inmate witnesses to testify at a preliminary injunction hearing. For the following reasons, it is RECOMMENDED that Phelps' motion be denied.

Phelps is at Lawrence Correctional Center ("Lawrence") and in his current motion for preliminary injunctive relief he states that he was denied services at the facility's Health Care

Unit on May 12, 2015. Phelps also asserts that he is being harassed by a Correctional Officer Tanner.  Phelps states that on June 12 and June 16, 2015 C/O Tanner denied him a meal at the chow hall. Furthermore, C/O Tanner threatened him for filing grievances and on June 16 he denied him access to the law library.

The defendants filed a response in opposition to Phelps' motion on July 6, 2015 (Doc. 45). The defendants argue that Phelps' requests are outside the scope of this litigation. Additionally, the defendants' motion includes an affidavit from C/O Tanner that states that there was an issue in the chow hall line on June 12, 2015, but that the issue arose because Phelps was being pushed in his wheelchair by an inmate who was not authorized to do so. C/O Tanner also denies threatening Phelps. Furthermore, the response includes Phelps' Health Care Unit records from May 12, 2015. The records state that Phelps refused treatment on that date because he instead chose to visit the prison law library.

To obtain a preliminary injunction, Phelps must establish "a reasonable likelihood of success on the merits, no adequate remedy at law, and irreparable harm absent the injunction." *Planned Parenthood of Indiana, Inc. v. Comm'r of Indiana State Dep't Health*, 699 F.3d 962, 972 (7th Cir. 2012). If Phelps can make this threshold showing, the District Court then "weighs the balance of harm to the parties if the injunction is granted or denied and also evaluates the effect of an injunction on the public interest." *Id*. The Prison Litigation Reform Act further requires that preliminary injunctive relief with respect to prison conditions be narrowly drawn, extend no further than necessary to correct the harm and be the least intrusive means necessary to correct the harm. 18 U.S.C. § 3626(a)(2).

Phelps' requests for injunctive relief fall primarily outside the scope of the claims in his complaint. Although Phelps incident with the medical unit on May 12, 2015 does involve his

ADA claim, the defendants provided documentation that Phelps himself denied treatment so that he could visit the law library. Even if Phelps' requests for injunctive relief fell within the scope of his claims, Phelps motion fails because he does not demonstrate that he will suffer irreparable harm absent a preliminary injunction. Phelps' issues should be addressed through the prison grievance process.

## RECOMMENDATIONS

Phelps' motion for preliminary injunctive relief primarily concerns issues outside the scope of his complaint. Moreover, Phelps has not demonstrated a reasonable likelihood of success on the merits of his claims or that he would suffer irreparable harm absent an injunction. Phelps' motion should be denied.

SO RECOMMENDED.

DATED:   July 23 2015 .

                                                *s/Philip M. Frazier*
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**