IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KEVIN PHELPS, | ) |
| | ) |
|          Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 15-CV-73-SMY-RJD |
| | ) |
| SALVADOR GODINEZ et al., | ) |
| | ) |
|          Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Philip M. Frazier (Doc. 70), recommending that Defendants Duncan, Godinez, and Moore's Motion for Summary Judgment on the Issue of Exhaustion (Doc. 49) be granted, that Plaintiff's Motion for Preliminary Injunction, Temporary Restraining Order and [Subpoenas] (Doc. 62) be denied and that this matter be dismissed without prejudice for failure to exhaust administrative remedies. The Report and Recommendation was entered on March 30, 2016 and Plaintiff filed a timely objection (Doc. 81)[1]. For the following reasons, the Court overrules Plaintiff's objections and **ADOPTS** the Report and Recommendation in its entirety.

On January 23, 2015, Plaintiff, a paraplegic, filed this lawsuit alleging that his constitutional rights were violated when the defendants conducted a shakedown of his cell house (Doc. 1). Plaintiff asserts that when the Defendants inspected his cell, they subjected him to an

---

[1] Plaintiff's objection does not address Judge Frazier's recommendation to deny Plaintiff's preliminary injunction. Where no timely objections to the Report and Recommendation are made, this Court need not conduct a *de novo* review of the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985). Instead, the Court should review the Report and Recommendation for clear error. *Johnson v. Zema Systems Corp.,* 170 F.3d 734, 739 (7th Cir. 1999). The Court fully agrees with Judge Frazier's findings that Plaintiff is not entitled to a preliminary injunction. Accordingly, Plaintiff's motion (Doc. 62) is denied.

invasive and humiliating body cavity search, used excessive force against him and violated his rights under the Americans with Disabilities Act. *Id*.

Defendants moved for summary judgment asserting that Plaintiff failed to exhaust his administrative remedies prior to filing suit. As required by *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), Judge Frazier held an evidentiary hearing on Defendants' motion. Following the *Pavey* hearing, Judge Frazier issued the Report and Recommendation currently before the Court (Doc. 70). The Report and Recommendation accurately states the nature of the evidence presented by both sides on the issue of exhaustion, as well as the applicable law and the requirements of the administrative process.

Based upon the evidence before the Court, Judge Frazier found that Plaintiff failed to exhaust his administrative remedies. Specifically, Judge Frazier found that Plaintiff did not properly exhaust his July 17, 2014 grievance or his July 30, 2014 grievance. Plaintiff pursued the July 17, 2014 grievance through the normal non-emergency procedures. However, he only went so far as to submit it to his counselor and did not appeal the grievance to the institutional level. Regarding the July 30, 2014 grievance, Judge Frazier found that Plaintiff skipped a step by submitting the grievance to the ARB prior to receiving a response from the grievance office. Plaintiff's testimony at the hearing confirmed the aforementioned grievance timeline.

Where timely objections are filed, this Court must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). The Court Amay accept, reject or modify the magistrate judge=s recommended decision.@ *Harper*, 824 F. Supp. at 788. In making this

2

determination, the Court must look at all of the evidence contained in the record and Αgive >fresh consideration to those issues to which specific objections have been made. *Id.*, *quoting* 12 Charles Alan Wright et al., *Federal Practice and Procedure* 3076.8, at p. 55 (1st Ed. 1973) (1992 Pocket Part). However, where neither timely nor specific objections to the Report and Recommendation are made, pursuant to 28 U.S.C. 636(b), this Court need not conduct a *de novo* review of the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985).

Here, Plaintiff has filed a timely objection to the Report and Recommendation in which he reiterates his argument that the grievance procedure was made unavailable to him. Administrative remedies become "unavailable" when prison officials fail to respond to a properly-filed inmate grievance, *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002), or when prison employees otherwise use affirmative misconduct to prevent a prisoner from exhausting, *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006); *Ducey v. Flagg*, No. 08-cv-0691-MJR, 2009 WL 3065045, at *4 (S.D. Ill. Sept. 21, 2009) ("[P]rison officials can easily thwart an inmate's attempt to exhaust administrative remedies simply by failing to respond to his or her grievances.").

In this case, Plaintiff does not deny that he failed to exhaust prior to filing suit and there is no evidence supporting his assertion that the grievance process was made unavailable to him. Judge Frazier found that Plaintiff's testimony at the *Pavey* hearing supported the fact that he failed to exhaust administrative remedies prior to filing suit. Overall, the Court finds the factual findings and rationale of the Report and Recommendation sound.

It is well established that an inmate cannot file suit first, then reach administrative exhaustion second. *See Cannon v. Washington*, 418 F.3d 714, 719 (7th Cir. 2005). Here, it is

apparent that Plaintiff did not fully exhaust his administrative remedies prior to filing suit. Thus the case must be dismissed.

For these reasons, the Court adopts Magistrate Judge Frazier's Report and Recommendation (Doc. 70). This case is **DISMISSED** without prejudice for failure to exhaust administrative remedies as to Defendants Duncan, Godinez, and Moore.

**IT IS SO ORDERED.**

**DATED: November 21, 2016**

        **s/ Staci M. Yandle**
        **STACI M. YANDLE**
        **United States District Judge**